Good morning. I'm Kari Hong. I represent Petitioner Eduardo Martinez. There are, this case involves the meaning of 212H, 212H1B in particular, and there are five reasons why the BIA made a mistake in establishing a hardship requirement. The first is that the plain meaning of the statute does not have the word rehabilitation anywhere in the statute. This omission is very significant because in subsection 1A, right before, Congress very clearly enumerated rehabilitation as the third criterion that the IJ or the BI should look at when granting that type of waiver. In addition, under the 212C cases, rehabilitation is expressly required. And under the common canons of statutory construction, when Congress inserts a word in one part of the statute, the word should not be used. The second is that the IJ or the IJ found that his wife and son would suffer great hardship if he, whatever the test was. His wife, exactly. Would suffer great hardship if he were removed from the country. Yes, yes, yes. And So then, so that's sort of like a predicate finding that has to be made, right? We contend that that's the only finding. That's the only finding? And actually under Okay, but so, but I don't understand the statute to be written is that once that finding is made, that necessarily means that the board is required to grant relief. Well, I thought the IJ then had discretion to look at the total picture and decide whether to exercise discretion to grant relief. And the IJ could have done that. Wasn't that what happened here? No. What happened is the IJ saw the extreme hardship to the wife and also really did not like my client one bit. He said that, you know, that he doesn't have any equities. He doesn't believe that. He actually said I don't believe he's rehabilitated. He has a terrible criminal history. If it were him alone, I would not grant this waiver. But Congress requires that I look at the impact that a separation would have on his wife. And under that standard, I have to grant it. The BIA on appeal said yes, the wife would suffer enormously. It's unusual hardship that she would suffer. However, we are going to, we believe that the IJ erred because rehabilitation has to, as a discretionary matter, has to be taken into account, and therefore we're going to deny it. What we are contending, though, is the error that the BIA did was akin to the one in the Hernandez case that the BIA reversed or that the Ninth Circuit reversed, where the BIA cabined an eligibility requirement as a discretionary one. And the Hernandez court in the Ninth Circuit said no, you cannot do that. You cannot hide a precondition for relief as a discretionary matter. The BIA erred by making that mistake. But it's your argument that once the judge made the finding that the wife would suffer hardship or severe, whatever, what is it, severe hardship? Extreme hardship. So once the wife, once the IJ found that the wife would suffer extreme hardship, he was required to grant relief? No. He still had his exercise of discretion whether to grant it or deny it, and he granted it in his discretion. So in exercising that discretion, is your argument that he can't consider rehabilitation? He can consider it. But what the BIA did, they went one step further. They didn't just consider it. They elevated to a criteria, to an eligibility criteria. And that's where there's that source of error. So what language from the board's decision leads you, supports that argument, that that's what they did? Well, when the BIA basically said because he could not show rehabilitation that we have to remand it and completely, they didn't have a, they didn't weigh the equities. They didn't have an exercise of discretion. They basically considered that to be a precondition for relief. And the First Circuit under Sukar said. I'm still looking for the board. Which paragraph here in this board's decision supports what you just said? ER-54. However, in balancing the various discretionary factors in the Respondent's case, we are not persuaded that the likelihood of hardship to the Respondent's wife and child is sufficient to outweigh the Respondent's negative factors. And I would contend that this is the exact language that was used in the Hernandez case, where the BIA said as a matter of discretion, we are going to take into the doctrine of nonviability into account and deny a waiver to the battered spouse in that case. And it cabined it under discretionary, the exact same language. The Ninth Circuit said you cannot do that. You cannot take an impermissible factor that could not be a part of the eligibility and elevate it to a discretionary factor as a basis to deny, as a sole basis to deny it. Kennedy, do you agree with that?  And I have two questions. One is the hardship to the spouse, and the other is the risk to society of him remaining here. No, actually, the criteria is simply is there a qualifying relative and is there a hardship. 1a. Then you asked, you must answer Judge Pais's questions as, once you find the predicate hardship, you must grant the waiver. That's what you're saying. I guess. Yes. Yes. Yes. And that I think is wrong based on statute. But that says there's no discretion. Well, but if you look at the language of 1a, the requirement is that the crime had to happen 15 years ago, that it's not contrary to national security and rehabilitations required. And what the... National security, meaning... For 1a. Not for 1b. 1b is qualifying relative and hardship. And that is what has to take into account. On the Hernandez case, the BIA simply said that it can appropriately deny the adjustment of application. So you think that no matter how dangerous the alien may be, if he has a qualifying relative and his extensive criminal activities, if no longer carried out, will decrease his income, and therefore the income of his wife, the waiver cannot be denied because his wife needs him, even if she needs to live off his criminal income. Absolutely. Because, and that's with congressional intent under 8 CFR 212.7, that is the waiver that's available for people who have committed violent and dangerous crimes, and rehabilitation is not required. The BIA erred in forcing rehabilitation to be relevant to 212.H1b. There's no authority for it. There's no authority under the statute. There's no authority under congressional intent. And the BIA excluded a whole group of individuals from receiving relief who otherwise are eligible. This was a mistake in Sukkar in the First Circuit, and this is a mistake in the Hernandez case. So you would want us to read the statute to say that once the, once the, your argument really is that there was an error of law. Yes. That, well, I didn't quite understand this to be your argument, but I see what you're arguing now. Your argument is, is really, is at the bottom, that once the I.J. made this finding and once the Board affirmed this finding, that they were required to grant. Yes. Yes. Yes, I will do that. And to go back to Judge Bea's question about what all is required, the Mendoza court, it was cited in the 28J letter, which was the Ninth Circuit case that came out this year. It was looking at the 212.H waiver in a different context, and in footnote it said to be eligible for a 212.H, you have to show you have a qualifying relative and that relative would experience hardship. That is what the court read that statute to be. That is what, that's all that's required for that waiver. So it was error for the BIA. Which case is that? Mendoza. It's cited in the 28J letter. Okay. Now, is there any, you said something about the Second Circuit. What does the Second Circuit say about this issue? Well, the First Circuit under Suquare, it didn't deal with 212.H directly, but rather it said that the INS could not promulgate a regulation that excludes a category of aliens who are otherwise eligible for relief. And would say an analogous, that the BIA cannot write in a heightened eligibility requirement that would exclude the group of people that Congress intended to be here. Congress intended the 212.H1B to only apply to crimes of moral turpitude and about four other different serious criminal activity, multiple criminal convictions. And they wanted to be sure that there was family unity above everything else, which is why the Martinez's removal would have on her and her alias. Let me ask you, do we have cases, case law that says that a decision under 212.H is a discretionary decision? A discretionary decision? No. No. There actually isn't case law directly dealing with this in the Ninth Circuit and what I could find even in other circuits. The closest thing that we have is a BIA decision, the Mendez-Morales dissent. And there, what the BIA did was actually import the 212.C criteria into the 212.H. And there's a scathing dissent by Board Member Rosenberg who said this is an improper analysis because there's no statutory support. And I would contend that the Ninth Circuit should adopt that dissent to show that there was an error in how the BIA is applying the statute. So, see, I understood your argument to be that what was at the board put too much emphasis on rehabilitation in exercising discretion. That's what I understood your argument to be. But your argument really is, is that the statute needs to be read, that if they make a finding of extreme hardship, then the board's required to grant it. And that's a little bit different. And it could exercise the discretion regarding hardship, but I would contend that you cannot take rehabilitation under the auspices of discretion. And I understood your argument a little bit. To say that there is some room for discretion, but not on the element of rehabilitation is how I would like to qualify that. That it's improper to exercise discretion by looking to rehabilitation as a dispositive or precondition to receive relief. All right. Do you want to save the balance of your time for our early questions? Yes, Your Honor. Yes, please. May it please the Court. Jeffrey Lee, Superior, on behalf of the Respondent. The Court lacks jurisdiction to review an agency's discretion or denial of a 212H1B waiver. He says there's an error of law, though. Right. And you can raise under 242A2D a question of law, but it actually has to be a culpable question of law. And in this case, the question of law is actually a distortion of what the board's decision says. The board here did not make rehabilitation, generally speaking, or in this case, a precondition to relief. They specifically state that once you get to the hardship threshold and pass that, it then becomes a discretionary determination. The case that was cited in the 20HA letter, Mendoza, it's actually a selective reading of what that footnote says. The footnote does say that they're the two prerequisites, but then the next sentence in that footnote says, and if in any way it makes such a showing, the Attorney General still, and then this next part's in italics, in his discretion refused to allow him to adjust status and then cites a 212H. So even if an alien establishes hardship, it still then becomes a discretionary determination. I'm looking at 212H1B. Correct. It doesn't say anything about the Attorney General having discretion to deny a waiver on the basis of the dangerous propensities of the man whose exclusion would cause extreme hardship to his wife. Right. Where do you get the statutory basis that the AG has discretion? It's actually, it's in the statute. It says that it's discretionary. The first part of 212H says the Attorney General may in his discretion, and then goes on to 212H. May in his discretion waive in the case of an immigrant who is a spouse, parent, et cetera. Correct. Right. And so you just say that that discretion. That makes it a discretionary waiver. Even though it's not mentioned later. Correct. Correct. All right. I think it's also important to look at the word rehabilitation. It seems almost to be a buzzword. If you look at what the Board actually says in this case, they point, there's an entire paragraph listing all of the negative factors here. The alien's extensive criminal history. Right. His prior involvement. That's what I thought that was going on. Right. With MS-13, other negative factors. The Board then weighs the positive factors, the hardship in this case. And then when doing so says, you know what, in this particular case, the negative factors outweigh the positive factors. Therefore, in our discretion. It's not the lack of rehabilitation, but the fact that it's MS-13 criminal gain. Right. I mean, the Board does mention rehabilitation. But the end statement they say is that we cannot, based on the alien's history of recidivism, grant this in our discretion. I think it's very hard to argue that the Court or the agency could not consider an alien's criminal history or other negative factors in a discretionary waiver. Otherwise it becomes, as the Petitioner seems to be arguing, a mandatory waiver. And clearly that's not what Congress intended in this case. They wanted it to be in the discretion. They wanted to have a threshold where an alien must meet hardship in this case. And then the agency, in their discretion, may weigh the factors and determine whether or not this alien is someone who we want to remain in this country. Kennedy. So what you're saying, if I understand it correctly, is that the language the Attorney General made in his discretion waived at the beginning of 212H1B is that discretion is not lost when the Attorney General makes a determination that there is extreme hardship to the alien's life? That's correct. The hardship is required in every 212H1B case. There's no discretion in that avenue. In other words, if the alien establishes it, it's the threshold. It then goes to the discretionary analysis based on the alien's, you know, positive and negative equities. Another claim that the Petitioner raises is that they're being held to a higher standard than aliens who are violent or repeat offenders. And that's not the case as well. If you fall under the purview of 8 CFR 212.7d and you're found to be a violent or serious crime, it's a violent or serious crime, the hardship standard is actually elevated. It goes from being extreme hardship to extremely, excuse me, exceptional, extremely unusual hardship. And then it still is a discretionary waiver. So it's actually a higher standard because even if you can establish the hardship in that case, it still ends up being a discretionary waiver. If there are no further questions. Thank you. Go ahead, you've got four minutes. If I can make just two quick points. The BIA decision on AR-54, it says we are deeply troubled by the determination that Respondent has failed to demonstrate rehabilitation. Given his recidivism, we cannot in good conscience exercise our discretion. Where are you reading, counsel? I've got 54. In the second paragraph, 1, 2, 3, 4, 5, the fifth line down. Those are the two sentences that I think are key in the point. And then turning to the Hernandez case at page 847, this is exactly what the BIA did there, where the BIA said it affixed the adjective discretionary to the determination that nonviability of the marriage was a proper basis for denying her adjustment. The Ninth Circuit went on to say that the BIA has no discretion to make a decision that's contrary to law. In the Hernandez case, the Ninth Circuit said nonviability as a legal doctrine cannot be a basis to deny that particular waiver. What about nonviability? The nonviability doctrine in that case was that when someone adjusts status on the basis of a marriage, it has to be viable at the time of adjustment. The marriage. The marriage. For a battered woman, obviously the marriage wasn't viable at the time of the marriage. In here, is it? No, no. It's not relevant there, but I would. We're talking about it. Well, I would contend it's an analogous situation where in that case, in the Hernandez case, the BIA dusted off this legal doctrine, called it a discretionary factor and denied an adjustment case for heightened eligibility for a battered spouse. Counsel, here it's very clear that the BIA exercises discretion because this man has a very bad criminal record and they don't want him around. No matter how much of a hardship it is to his life that he not be around. And it seems to me otherworldly for you to say that once her need is established, he cannot be removed even though he continues to provide her with funds from criminal enterprises. That is bizarre. Well, I would submit that's what Congress intended. You must be joking. Well, about the hardship. Whether he's providing funds from criminal activity, I think there would be a separate crime and he could be removable and charged and convicted. It wouldn't be a crime for her to steal it, would it? Pardon? It wouldn't be a crime for her? Sure. If he's stealing drugs, it would be. Well, if he knew it was from criminal activity. Right. Right. So, I mean, so there in that situation. But that's not the facts that we have here. We simply have a man who was in detention who was actually contributing no income. So that factor was not at issue in this particular case. Okay. I think we understand your argument. Thank you, Your Honor. Thank you. We appreciate counsel's arguments in the matter. This case is submitted at this time, and we will recess until tomorrow morning. Thank you all very much. All rise.
judges: Duffy, Paez, Bea